FILED
SUPERIOR COURT
OF GUAM

2024 FEB -2 PM 3: 56

CLERK OF COURT

BY:

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

    vs.

**PS SISIRA**
DOB:06/04/1985

         Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CM0103-23**
GPD REPORT NO. 23-07146

**DECISION AND ORDER RE.
DEFENDANTS' MOTION TO
DISMISS WITH PREJUDICE**

## INTRODUCTION

This matter is before the Honorable Maria T. Cenzon on Defendant's Motion to Dismiss with Prejudice Pursuant to Pursuant to 9 GCA §§ 7.112 and 7.113 Guam's Castle Doctrine. Assistant Alternate Public Defender Teresa Dunphy appeared on behalf of Defendant PS Sisira ("Sisira" or "Defendant Sisira"). Assistant Attorney General Matthew Shuck represented the People of Guam (the "People"). Following the hearing on the Motion, the Court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.l(e)(6)(A) of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order **DENYING** the Defendant's Motion.

## BACKGROUND

On or about March 14, 2023, the Defendant allegedly struck his brother Tommy Sisira with a saw and allegedly struck Randy Navarro with a baby stroller. Aff. of M. Shuck, Magistrate's Compl., (Mar. 15, 2023). Tommy Sisira told reporting officers that he was at the Defendant's home to retrieve his passport when the altercation occurred. *Id.* The Defendant admitted to striking both victims with his hands but denied using any of the objects that were alleged. *Id.* Reporting officers noted an abrasion to Mr. Navarro's right elbow, but no visible injuries to Tommy Sisira. *Id.*

On March 15, 2023, the People charged Defendant Sisira with 1) Aggravated Assault (As a Misdemeanor) and 2) Family Violence (As a Misdemeanor). Magistrate's Compl., (Mar. 15, 2023). The People determined that the Defendant was eligible for a Family Violence Deferred Plea Agreement. Regarding the Defendant's eligibility, the People filed a first Notice on March 16, 2023, and a second Notice on April 6, 2023. The Defendant asserted his right to speedy trial with his filing on March 21, 2023. However, he then filed a waiver on April 14, 2023.

On May 2, 2023, the Defendant filed a Motion to Dismiss with Prejudice Pursuant to 9 GCA §§ 7.112 and 7.113 Guam's Castle Doctrine (the "Motion"). In his Motion, the Defendant requested the Court to dismiss the above-captioned matter with prejudice, arguing that the Defendant's use of force was permitted by the Castle Doctrine, and that he is statutorily immune from prosecution. Mot. Dismiss at 1 (May 2, 2023).

According to the Notice of Motion, the People's Opposition Brief was due by May 15, 2023. However, the People filed their Opposition to the Defendant's Motion on June 23, 2023. And Sisira filed his Reply to the People's Opposition on June 26, 2023. The Court scheduled and heard oral arguments on the briefs on September 28, 2023.

## LEGAL DISCUSSION AND ANALYSIS

The Defendant argues in his Motion that he was justified in using force with only his fists. Defendant's Mot. Dismiss at 5 (May 2, 2023). He further argues that his use of force was in an effort "to protect his home and family from the imminent threat and danger of serious bodily harm from [Randy] Navarro and Tommy [Sisira], who made it very clear they intended to forcefully enter his home and would not leave until they acquired Tommy's passport." *Id.*

In their Opposition to the Defendant's Motion, the People argue that Guam's Castle Doctrine does not apply to force used in yards or outdoor spaces, such as the Defendant's doorway or porch area in this case. Opp'n Mot. at 3 (June 23, 2023). The People add that there was no unlawful or forceful entry prompting the presumption of reasonable fear by the Defendant. *Id.* at 4. Lastly, the People argue that the Defendant's use of deadly force was unjustified because there was no threat of death, serious bodily injury, kidnapping, rape, sodomy, or threat thereof. *Id.*

The Defendant replied to the People's Opposition, requesting the Court to strike the People's Opposition and not consider any of the People's arguments due to the untimely filing of their Opposition. Reply to Opp'n Mot. at 2 (June 26, 2023). The Defendant also rebutted the People's Opposition stating that: (1) the force used commenced from within the home, (2) Tommy's actions constitute an unlawful attempt to enter the Defendant's home, and (3) deadly force was not used. *Id.* at 3–5.

### A. The People untimely filed their Opposition to the Defendant's Motion.

The purpose of the Local Rules of the Superior Court of Guam is stated succinctly: "These Rules shall be construed so as to be consistent with applicable statutes to promote the just, efficient and economical determination of every action and proceeding." GR 1.1 (c).

The Defendant's Reply to the People's Opposition indicates that the People submitted their Opposition thirty-nine days after its deadline on May 16, 2023. Reply to Opp'n Mot. at 2 (June 26, 2023). Further, the Defendant requested that this Court strike the People's Opposition and not consider their arguments when deciding the merits of the Defendant's Motion to Dismiss. *Id.*

The Court finds that although the People did untimely file their Opposition, the Defendant only suffered minimal prejudice from the delay. For such failure to comply with the applicable rules, the Court hereby admonishes counsels to comply with the mandates of the rules of procedure inasmuch as the trial courts are held to such compliance. Therefore, the Court holds that exclusion of the People's arguments in their Opposition is not warranted at this time. The Court now addresses the substance of the Defendant's motion.

## B. The Defendant is not statutorily immune from criminal prosecution, under Guam's Castle Doctrine.

9 GCA § 7.112 provides for certain limited absolute immunity for use of "defensive force that is intended or likely to cause death or serious bodily injury" as follows:

§ 7.112. Home Protection, Use of Deadly Force, Presumption of Fear of Death or Harm.

(a) A person is presumed to have held a reasonable fear of imminent peril of death or serious bodily injury to himself or herself or another when using defensive force that is intended or likely to cause death or serious bodily injury to another if:

(1) the person against whom the defensive force was used was in the process of unlawfully and forcefully entering, or had unlawfully or forcefully entered, a business, residence, or occupied vehicle, or if that person had removed or was attempting to remove another against that person's will from the business, residence, or occupied vehicle; and

(2) the person who uses defensive force knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.

(b) The presumption set forth in Subsection (a) does not apply if:

> (1) the person against whom the defensive force is used has the right to be in or is a lawful resident of the business, residence, or vehicle, such as an owner, lessee, or titleholder, and there is not an injunction for protection from domestic violence or a written pretrial supervision order of no contact against that person; or
>
> (2) the person who uses defensive force is engaged in a criminal activity or is using the business, residence, or occupied vehicle to further a criminal activity; or
>
> (3) the person against whom defensive force is used is a uniformed law enforcement officer who enters or attempts to enter a habitable property, residence, or vehicle in the performance of his or her official duties, and the officer identified himself or herself in accordance with applicable law, or the person using force knew or reasonably should have known that the person entering or attempting to enter was a law enforcement officer.

To warrant the applicability of Guam's Castle Doctrine and the Defendant's statutory immunity from criminal prosecution, the Defendant's use of defensive force must have been present. The Castle Doctrine uses the same definition for "self-defense" within Chapter 7 of Title 9, GCA, "*except* that a lawful occupant of habitable property has *no* duty or obligation to retreat." 9 GCA § 7.113(d)(5).

The People argue that the Defendant used deadly force against the victims, Tommy Sisira and Randy Navarro. Opp'n Mot. at 4 (June 23, 2023). In the Opposition, the People indicate through reports that the Defendant not only used his fists to strike both victims, but also used a stroller and a saw. *Id*. However, the Defendant refuted any use of deadly force with a stroller and saw; the force that was used involved only his fists to strike the victims. Reply to Opp'n Mot. at 5 (June 26, 2023). Unlike the reports mentioned in the People's Opposition, the reports in the Defendant's Reply state that reporting officers found no stroller or saw at the scene. GPD 23-07146 p. 14 of 21; Bates Stamp p. 016. Nonetheless, the Court finds that the Defendant still used

defensive force against Tommy Sisira and Randy Navarro when he struck them using his fists.

As mentioned above, there is certain limited absolute immunity for a Defendant's use of defensive force that is intended or likely to cause death or serious bodily injury if the Defendant's victim was "in the process of unlawfully and forcefully entering, or had unlawfully or forcefully entered, a business, residence, or occupied vehicle...." 9 GCA § 7.112(a)(1).

The Defendant argues that an attempt is all that is required to enter another's home unlawfully. Reply to Opp'n Mot. at 4 (June 26, 2023). The Defendant argues that Tommy Sisira's trespass and refusal to leave constitute as an unlawful attempt to enter the Defendant's residence. *Id.* However, the People argue that there was no forced or unlawful entry, because Tommy only knocked on the Defendant's door and never appeared to make it past the doorway or porch area of the residence. Opp'n Mot. at 4 (June 23, 2023).

9 GCA § 7.112(a)(1) supports the Defendant's argument that the victims were allegedly in the process of forcefully entering the Defendant's home when they continuously knocked on the Defendant's door. However, Mr. Sisira and Mr. Navarro were never able to come inside the Defendant's home even when they refused to leave the Defendant's residence, while standing in his doorway area. Although it could be considered forceful for the victim to continuously knock on the Defendant's door after being denied entry into the residence, it is not unlawful to knock. The Defendant denied the victims' entry into his home and no unlawful or forced entry ever occurred. 9 GCA § 7.112(a)(2).

In regards to any reasonable fear by the Defendant at the time of the incident, the Defendant argues that he had a reasonable fear of serious bodily injury to himself and his family when he struck his brother and Mr. Navarro. Defendant's Mot. Dismiss at 5 (May 2, 2023). After the victims continuously knocked on the Defendant's door, demanding to be let in, the Defendant

argued that his actions, using only his fists, were in defense of his home and his family's safety. *Id.*

The Defendant also addressed Tommy Sisira's "dangerous nature relating to his drug use and criminal history," which is what prompted the Defendant to feel the need to protect himself and his family. Reply to Opp'n Mot. at 3 (June 26, 2023). And it was because of Tommy's aggressive behavior that day and his overall reputation that the Defendant believed that it was immediately necessary to use such force. *Id.* at 4.

The People argue that because neither Mr. Sisira or Mr. Navarro forcefully or unlawfully entered the Defendant's residence then there was neither an intent by the victims to commit an unlawful act using force or violence, nor a presumption of reasonable fear. *Id.* at 4.

Mr. Sisira only stated his intent to retrieve his passport from the Defendant, but did not indicate any intent to use force or violence to do so. While it was clear that the victims did not want to leave without Tommy's passport, it is still unclear whether they intended to forcefully or violently retrieve that passport once they had entered the Defendant's home. Therefore, it is unclear whether the Defendant had a reasonable fear of serious bodily injury to himself and his family when he struck Tommy Sisira and Randy Navarro with his fists.

Immunity from criminal prosecution for the use of such defensive force defined in Section 7.112, above, is found in 9 GCA § 7.113:

§ 7.113. Immunity from Criminal Prosecution and Civil Action.

(a) As used in this Section, the term *criminal prosecution* includes arresting, detaining in custody, and charging or prosecuting the defendant.

(b) A person who uses force as permitted in § 7.112 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force, except when:

(1) the person against whom force was used is a law enforcement officer, as defined by public law, who was acting in the performance of his or her duties, and the officer identified himself or herself in accordance with applicable law; or

(2) the person using force knew or reasonably should have known that the person was a law enforcement officer; or

(3) the use of force is found to be unlawful or was found to have been exercised with any illegal activity.

(c) A law enforcement agency shall use standard procedures for investigating the use of force as described in Subsection (b), but the agency may not arrest the person for using force unless it determines that there is probable cause that the force that was used was unlawful.

(d) The court shall award reasonable attorney's fees, court costs, compensation for loss of income, and all expenses incurred by the defendant in defense of any civil action brought by a plaintiff if the court finds that the defendant is immune from prosecution as provided in Subsection (b).

Importantly, safeguards guaranteeing that a determination of an actor's immunity from prosecution is made are in place in all stages of the Castle Doctrine Act. First, law enforcement (police officers) must make a determination of probable cause for the arrest. Second, the prosecution makes a determination of probable cause to charge a defendant and to bring the matter before a grand jury to seek an indictment. As a final gatekeeper of the Castle Doctrine Act immunity, the courts are charged with determining whether immunity applies to relieve a Defendant from prosecution under the statute. It would appear that at every stage of this prosecution, a probable cause determination has been made.

Even if the Defendant's use of force was justified against Tommy Sisira and Randy Navarro, that defensive force must have occurred within the home to warrant statutory immunity under Guam's Castle Doctrine. 9 GCA § 7.112(d) defines what it means to be a "habitable property" under Guam's Castle Doctrine:

§ 7.112. Home Protection, Use of Deadly Force, Presumption of Fear of Death or Harm.

(a) As used in this Section, the term:

(1) habitable property has the meaning provided by § 34.10. Habitable property, as used in this Section, are limited to business buildings, for which the victim has beneficial control and use; and residences, vehicles and house boats for which the victim has a legal right to occupy. Habitable property, as used in this section, does not include yards or outdoor spaces surrounding business buildings, residences, vehicles, or house boats. Nothing herein is construed to limit the right of a victim to use defensive force in a manner consistent with Chapter 7 of Title 9, GCA in areas outside of his home, business, car or house boat.

(2) business means habitable property that is lawfully used to conduct commercial activity by duly licensed corporations, LLCs, partnerships or sole proprietorships.

(3) residence as used in this Chapter, means a habitable property in which a person resides, either temporarily or permanently, or is visiting as an invited guest.

(4) vehicle as defined in § 1102 and § 5101 of Title 16, GCA.

(5) defensive force has the same meaning as self-defense as used in Chapter 7 of Title 9, GCA, except that a lawful occupant of habitable property has no duty or obligation to retreat.

The People argue that Guam's Castle Doctrine does not apply in this case, because the Defendant's actions were outside of the statute's definition of "habitual property" and "residence." The People indicate that the Defendant began punching the Victims *through the window*.

The Defendant argues that he punched his brother through an open window, while he was still inside his apartment. Reply to Opp'n Mot. at 3 (June 26, 2023). And only after Mr. Sisira's continuous refusal to leave the premises was the Defendant forced to approach his brother outside in the doorway to prevent him from entering the home and harming his family. *Id.*

When the Defendant used defensive force with his fists, the Defendant was the one who instigated this physical altercation that prompted the charges in this case. Also, such actions were in the doorway and hallway area, outside of the Defendant's residence, which is an apartment. The Supreme Court of Guam held in regards to the definition of "habitual property" that "when a person uses force while located on an attached porch, the justification under Guam's Castle Doctrine does not apply." *People v. John*, 2016 Guam 41 (Guam Dec. 30, 2016). Based on this holding, the Victims were injured when they were outside in the Defendant's doorway and hallway area, which is attached to his apartment residence.

Because the Defendant's use of defensive force did not occur within his home and he lacked a reason to believe that there was an imminent threat of death or serious bodily harm against himself and his family, Guam's Castle Doctrine does not apply in this case to summarily dismiss the charges against the Defendant without a jury trial.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss with Prejudice Pursuant to 9 GCA §§ 7.112 and 7.113 Guam's Castle Doctrine is **DENIED**.

SO ORDERED this _____ FEB 0 2 2024 _____.

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

SERVICE VIA EMAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

AG, APD

Date: 2/2/24 Time: 4:00pm

Antonia A Cruz
Deputy Clerk, Superior Court of Guam